IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON


CRAIG MONPAS,                              Civ. No. 07-1764-AA

        Plaintiff,                     OPINION AND ORDER

        v.

MITCHELL SOUTHWICK, WARREN
THOMPSON, RICH KIRBY, and
JOHN/JANE DOE I-X,

        Defendants.
_____

AIKEN, Judge:

    On November 29, 2007, plaintiff, appearing <u>pro se</u>, filed suit alleging that defendants seized his vehicle without probable cause and refused to release it in violation of his rights under the Fourth and Fourteenth Amendments. Currently before the court are plaintiff's Motion for Reconsideration of his motion to strike and

1   - OPINION AND ORDER

defendants' Motion to Dismiss.

On February 28, 2008, plaintiff filed a "Petition to Strike Respondents' Alleged 'Representative' Kenneth S. Montoya." I twice denied the motion, noting that plaintiff had not filed returns of service and no defendant or representative had yet appeared. Now that counsel has appeared on behalf of defendant, plaintiff moves for reconsideration of his motion to strike.

However, plaintiff provides no support for his motion. Defendants are entitled to retain whomever they choose to represent them, and plaintiff provides no credible evidence of conflict or misconduct to warrant disqualification. Accordingly, the motion for reconsideration is denied and I address defendants' motion to dismiss.

Defendants move to dismiss plaintiff's Amended Complaint on grounds that plaintiff failed to effectuate service and fails to state a claim upon which relief may be granted under Federal Rule of Civil Procedure 12(b)(6). I find that plaintiff's claims are insufficient as a matter of law and therefore do not address whether service was proper.

Pro se complaints must be construed liberally and may be dismissed only where plaintiff can prove no set of facts in support of his claim which would entitle him to relief. Franklin v. Murphy, 745 F.2d 1221, 1228, 1230 (9th Cir. 1984) (citing cases); see also Karim-Panahi v. Los Angeles Police Dep't, 839 F.2d 621,

2    - OPINION AND ORDER

623 (9th Cir. 1988) ("In civil rights cases where the plaintiff appears pro se, the court must construe the pleadings liberally and must afford plaintiff the benefit of any doubt."). At the same time, the court "may not supply essential elements of the claim that were not initially pled." <u>Ivey v. Bd. of Regents of the Univ. of Alaska</u>, 673 F.2d 266, 268 (9th Cir. 1982).

Plaintiff alleges claims against Southwick, Thompson, and Kirby pursuant to 42 U.S.C. § 1983.[1] Defendant Southwick is the Sheriff for Baker County, defendant Thompson is an Under-Sheriff, and defendant Kirby is a Deputy Sheriff. Specifically, plaintiff alleges that defendant Kirby unlawfully and without probable cause impounded his vehicle. Plaintiff further alleges that defendant Thompson refused to release his vehicle in violation of his rights to due process. Plaintiff does not allege specific facts against defendant Southwick; rather, plaintiff alleges liability based on Southwick's supervisory authority over Thompson and Kirby.

Plaintiff's claims fail. First, as reflected in documents attached to plaintiff's Amended Complaint, his vehicle was unidentifiable at the time it was towed. It had no valid license plate and the Vehicle Identification Number was unknown. <u>See</u>

---

[1] Plaintiff also asserts a claim based on defendants' breach of their fiduciary duties owed plaintiff as a "sovereign," arising under their oaths to uphold the United States Constitution. This claim is without merit and will not be discussed.

3   - OPINION AND ORDER

Plaintiff's Amended Complaint, Ex. A, p. 1 (letter from plaintiff stating that his vehicle "bears a 'plate' giving notice to all of its political plane of ownership and use by display of the terms 'Immune' and 'Sovereign" and 'JRI 3346'"); Ex. B (vehicle impound form completed by Kirby indicating the vehicle had no license and an unknown VIN).  Therefore, based on plaintiff's pleadings and Or. Rev. Stat. § 819.440, Kirby possessed lawful authority to impound plaintiff's vehicle.

Second, plaintiff claims that Thompson's refusal to release his vehicle violated his rights to due process.  However, plaintiff does not allege that he was denied notice and an opportunity to be heard regarding the release of his vehicle. Plaintiff's apparent gripe is that he was required to establish legal title and pay an administrative fee to obtain the release of his vehicle.  Amended Complaint, ¶¶ 20, 31.  Regardless, plaintiff does not allege a due process violation.

Finally, as defendants emphasize, plaintiff alleges no facts against Southwick and instead asserts liability based on his supervisory authority over Kirby and Thompson. Amended Complaint, ¶¶ 4, 16,  However, § 1983 liability must rest on some type of personal participation, and plaintiff alleges none by Southwick. Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002) (citing Monell v. Dep't of Soc. Servs., 436 U.S. 658 (1978)).

///

4    - OPINION AND ORDER

CONCLUSION

Defendants' Motion to Dismiss (doc. 18) is GRANTED, and plaintiff's Motion for Reconsideration (doc. 23) is DENIED. All other motions are denied as moot. This action is DISMISSED. IT IS SO ORDERED.

DATED this  21  day of July, 2008.


            /s/ Ann Aiken
            Ann Aiken
      United States District Judge

5    - OPINION AND ORDER